IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF JULIANNE CROOKSTON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant and Counterclaim/Third-Party Claim Plaintiff, <br><br> v. <br><br> ESTATE OF JULIANNE CROOKSTON, CACHE VALLEY BANK, SIDNEY CROOKSTON, and SID CROOKSTON, LLC, <br><br> Counterclaim/Third-Party Claim Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS <br><br> Case No. 1:21-cv-00102-JNP-DAO <br><br> District Judge Jill N. Parrish |

Before the court is third-party defendant Sid Crookston, LLC's motion to dismiss the claims against him. ECF No. 58. The court DENIES the motion.

Julianne Crookston sued the United States, asserting that it had improperly placed a tax lien on real property that she owned. After filing the complaint, Mrs. Crookston passed away. Her estate replaced her as the plaintiff in this action. The United States brought a third-party claim against Sid Crookston, LLC, asserting that it had transferred the real property to Mrs. Crookston in exchange for ten dollars in order to avoid paying tax debts owed by the company. The United States claimed that the court should set aside the transaction under Utah's Uniform Fraudulent Transfer Act, which is the prior version of the current Uniform Voidable Transactions Act, and allow it to sell the real property to satisfy the outstanding tax debt owed by Sid Crookston, LLC.

Sid Crookston, LLC moves to dismiss the claims against it under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that these claims are now moot because it has now disclaimed any interest in the real property at the heart of this case. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "[A] case, although live at the start, becomes moot when intervening acts destroy the interest of a party to the adjudication." *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 593-94 (1984).

The court finds that the United States' claims against Sid Crookston, LLC are not moot. In order to prevail on its cause of action to sell real property currently owned by the Estate of Julianne Crookston to settle a tax debt owed by Sid Crookston, LLC, the United States must prove that the Fraudulent Transfer Act invalidates the property transfer from Sid Crookston, LLC to Julianne Crookston. *See* UTAH CODE § 25-6-1 et seq. (2016). Sid Crookston, LLC's disclaimer of any interest in the property does not destroy the United States' interest in the adjudication its fraudulent transfer claim. Indeed, the whole point of the government's claims against Sid Crookston, LLC is to prove that it should be deemed the true owner of the property. Sid Crookston, LLC's disclaimer of any interest in the property only reinforces the need to adjudicate the United States' fraudulent transfer claim.

The court finds *Acheff v. Lazare*, No. CIV. 12-100, 2012 WL 9388184 (D.N.M. Dec. 11, 2012) to be persuasive. In that case, a tax debtor argued that the United States' claims against him were moot because he had disclaimed any interest in real property that the government sought to seize in order to satisfy the tax debt. *Id.* at *2. Similar to this case, the United States asserted in *Acheff* that the trust that owned the property was a sham and that it was merely the

nominee of the tax debtor. *Id.* at *1. The *Acheff* court denied the tax debtor's motion to dismiss the claims against him as moot because his disclaimer did not make it impossible for the United States to prevail on its claim that the tax debtor was the true owner of the property. *Id.* at *3.

The fact pattern in this case is nearly identical to *Acheff*. This court similarly finds that the claims against Sid Crookston, LLC are not moot and denies its motion to dismiss.

DATED January 30, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge