IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF JULIANNE CROOKSTON,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant.<br><br><br>UNITED STATES OF AMERICA,<br>    Counterclaim/Third-Party Claim Plaintiff,<br><br>v.<br><br>ESTATE OF JULIANNE CROOKSTON, SIDNEY CROOKSTON, and SID CROOKSTON, LLC,<br>    Counterclaim/Third-Party Claim Defendants. | MEMORANDUM DECISION AND ORDER DENYING THE ESTATE'S MOTION TO EXCLUDE WITNESSES<br><br>Case No. 1:21-cv-00102-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is the Estate of Julianne Crookston's motion to exclude the testimony of three of the government's potential witness at the upcoming bench trial: Brad Peterson, Jason Mohr, and Brian Butterfield. ECF No. 143. In its response, the United States clarified that it will not call Butterfield at trial. Accordingly, the Estate's motion is MOOT to the extent that it seeks to exclude Butterfield. The motion is DENIED to the extent that the Estate seeks to exclude Peterson and Mohr.

## BACKGROUND

On July 28, 2022, the government served its initial disclosures. The government identified as potential witnesses: (1) "[o]ne or more representatives/employees of Sid Crookston

Construction, LLC" (SCC), (2) "[o]ne or more representatives/employees of ACI Construction, LLC" (ACI), and "[o]ne or more representatives/employees of Cache Valley Bank" (CVB). ECF No. 150-2. The government also included a catchall provision, disclosing that may rely on the testimony of "[o]ne or more witnesses that are disclosed in [the Estate's] initial disclosures. *Id.* The government, however, did not list either Peterson or Mohr as potential witnesses. On October 19, 2022, the government served its supplemental disclosures, and on March 23, 2023, it served its second supplemental disclosures. These disclosers also contained generic disclosures of employees of SCC, ACI, and CVB but did not specifically list Peterson or Mohr. They also included the catchall provision that the government intended to rely on testimony of witnesses listed in the Estate's initial disclosures.

On July 28, 2022, the Estate served its initial disclosures. The Estate disclosed a "Representative of Cache Valley Bank" but did not list either Peterson or Mohr. The Estate served its first supplemental disclosures on January 20, 2023 and its second supplementary disclosures on May 1, 2023. The Estate's second supplementary disclosures specifically disclosed Peterson as the representative of CVB on whom it intended to rely to prove its claims at trial.

Fact discovery closed on September 15, 2023. The government subsequently filed a motion for summary judgment. On September 26, 2024, the court issued a ruling granting in part and denying in part the government's motion for summary judgment in its favor. One of the government's lawyers represented that when she read the court's summary judgment order, she determined that the government needed to present more witness testimony regarding an issue to be decided at trial. She then reviewed the government's disclosures and discovered that several general descriptions had not been updated to identify a specific witness.

On October 8, 2024, the court held a scheduling conference and set April 7, 2025 as the trial date for this action. On October 11, 2024, the government served its third supplemental disclosures on the Estate, which listed Peterson and Mohr as potential witnesses at trial. That same day, counsel for the government sent an email to counsel for the Estate in which she asked opposing counsel to inform the government of any objections so that they could attempt to resolve them in advance of trial. Counsel for the Estate responded that he did object but that he would not disclose the specific objections, reserving them for trial. On October 22, 2024, counsel for the government responded that if the Estate would like to depose Peterson or Mohr before trial, the government would stipulate to reopening discovery. The Estate did not respond to this offer.

On February 4, 2025, the court rescheduled the trial date to September 29, 2025 due to a conflict with the court's schedule. On September 9, 2025 (the deadline for motions in limine), the Estate filed a motion to exclude the testimony of Peterson and Mohr, citing the government's failure to adequately disclose them prior to the close of fact discovery.

## ANALYSIS

Without awaiting discovery requests, a party to a civil litigation must provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A). The parties must also supplement or correct these disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." FED. R. CIV. P. 26(e)(1). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted

to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "[T]he following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

The Estate's motion to exclude the testimony of Peterson and Mohr at the upcoming bench trial presents two questions to the court. First, did the government fail to disclose Peterson and Mohr as potential witnesses as required by Rule 26(a)(1)(A) and (e)(1)? Second, was any failure "substantially justified or is harmless"?

As to the first question, the government failed to properly disclose Peterson and Mohr. The disclosure of a broad category of individuals—here, employees of SCC, ACI and CVB—is not sufficient to meet the requirement to disclose "the name" of each potential witness. *See* FED. R. CIV. P. 26(a)(1)(A)(i). Moreover, the government's catchall provision in its disclosures was not broad enough to cover Peterson. In each of the government's first three disclosures, it disclosed "witnesses that are disclosed in [the Estate's] initial disclosures." Petersen was not listed in the Estate's initial disclosures; he was first named in the Estate's second supplemental disclosures.

Because the government failed to adequately disclose Peterson and Mohr prior to the close of fact discovery, the court must apply the *Woodworker's* factors to determine whether the government's failure was substantially justified or harmless. With respect to the first factor, the Estate was prejudiced by the untimely disclosure of Peterson and Mohr because it came after the close of fact discovery, denying the Estate of information that could have affected its decision not to depose these witnesses during the discovery period. But this prejudice was ameliorated by some of the circumstance present in this case. The Estate listed Petersen in its own pre-cutoff disclosures,

4

demonstrating that it was aware that he may have relevant testimony to give in this case. Moreover, Mohr testified at length about his employment with SCC and ACI in a related case: *ACI Construction v. USA*, 1:19-cv-00054-JNP. Counsel for the Estate participated in the trial and could have acquired the transcript of Mohr's testimony.

The other three *Woodworker's* factors all favor allowing the government to call Peterson and Mohr as witnesses at trial. The Estate had an opportunity to cure any prejudice caused by the late disclosure. Almost a year before the trial date, the government offered to stipulate to reopen discovery to permit the Estate to depose Peterson and Mohr. The Estate ignored this offer. Moreover, allowing theses witnesses to testify would not disrupt the trial. And the court finds that the government did not act in bad faith by intentionally failing to disclose Peterson and Mohr in order to gain an unfair advantage at trial. The court believes the government's representation that the court's rulings in the summary judgment order—including that the government could not rely on the court's finding in the *ACI Construction* case that ACI is liable for the unpaid taxes of SCC— alerted the government to the need to submit additional evidence at trial.

In weighing these factors, the Estate's ability to cure the prejudice caused by the late disclosures is of supreme importance. The Estate had the chance to depose Peterson and Mohr almost a year before the trial. It may not intentionally eschew this opportunity because it prefers the remedy of exclusion to curing any prejudice caused by the late disclosures. *See Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (unpublished) (holding that excluding a witness due to an inadequate disclosure "was too extreme a sanction" where there was an opportunity to cure the prejudice through a second deposition); *Clark v. Wilkin*, No. 2:06-cv-693-TS, 2008 WL 2388634, at *2 (D. Utah June 11, 2008) (holing that any prejudice caused by a late disclosure could

have been cured where the disclosure was made four months before trial and the disclosing party stipulated to pretrial depositions of the witnesses).

Accordingly, the court denies the Estate's motion in limine to exclude the testimony of Peterson and Mohr at trial because the court finds that the untimely disclosure of these witnesses was harmless.

DATED September 24, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge